```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

BRIAN S. BURD #B71848,         )
                               )
              Plaintiff,       )
                               )
     v.                        )    No.  10 C 5164
                               )
GAIL SESSLER, et al.,          )
                               )
              Defendants.      )
```

<u>MEMORANDUM</u>

Brian Burd ("Burd") has utilized the form of 42 U.S.C. §1983 ("Section 1983") Complaint provided by this District Court's Clerk's Office for use by persons in custody, charging that his constitutional rights have been violated by the Warden and four members of the staff at Sheridan Correctional Center ("Sheridan"), where Burd is in custody. This Court expresses no ultimate view as to the merits of Burd's action, other than to say that it appears to advance a colorable claim of deprivation of access to the courts (see, e.g., the seminal decision in <u>Bounds v. Smith</u>, 430 U.S. 817 (1977)) and, if Burd's allegations are true, that it appears to be nonfrivolous in the legal sense. What poses a problem for Burd's entry through the federal courthouse door, however, is that he has neither paid the $350 filing fee nor demonstrated his ability to qualify for in forma pauperis status under 28 U.S.C. §1915.

Accordingly this Court is transmitting to Burd, together with this memorandum, forms of In Forma Pauperis Application

("Application") and Motion for Appointment of Counsel ("Motion"). If Burd intends to pursue his claim he must transmit to the Clerk's Office:

1. duplicate counterparts of a completed Application, bearing not only his signature but that of the inmate trust fund officer at Sheridan, at the respective places provided for such signatures on the form;

2. a printout of his inmate trust fund account, showing all transactions in the account for the period beginning February 10 and ended August 10, 2010; and

3. duplicate counterparts of a completed Motion, reflecting in his answer to Paragraph 2 of that form whatever efforts he has made to obtain counsel on his own.

Upon receipt of those documents, this Court will be in a position to proceed with the initial processing of Burd's lawsuit. But if the documents are not received in the Clerk's Office on or before September 7, 2010, this Court will be constrained to dismiss this action (though without prejudice).

_____
Milton I. Shadur
Senior United States District Judge

Date: August 19, 2010